# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### BRUNSWICK DIVISON

C.J., a minor, by and through her )
next friend and guardian, BETTY )
JEAN MURPHY JAMES. )
           )
and )
           )
BETTY JEAN MURPHY JAMES, )
as Administrator of the Estate of )
Latoya James )
           )
       Plaintiffs, )      CIVIL ACTION FILE NO.
           )
v. )
           )      JURY TRIAL DEMANDED
JIM PROCTOR in his individual )
capacity, as Camden County Sheriff )
           )
and )
           )
MICHAEL BLAQUIERE, in his )
Individual capacity, as a Camden )
County Deputy Sheriff )
           )
and )
           )
DOWNY CASEY, in his individual )
capacity, as a Camden County Deputy )
Sheriff )
           )
and )
           )
JOHN/JANE DOES, in their )
Individual capacities, as a Camden )
County Deputies )
           )
       Defendants. )

1

## COMPLAINT FOR DAMAGES

Plaintiff C.J., a minor, by and through her next friend and guardian, Betty Jean Murphy James, and Plaintiff Betty Jean Murphy James, as the Administrator of the Estate of Latoya James (collectively, "Plaintiffs"), file this Complaint by and through their undersigned counsel of record against Defendants Downy Casey, in his individual capacity; Michael Blaquiere, in his individual capacity, John/Jane Does 1-10, in their individual capacities; and Sheriff Jim Proctor, in his individual capacity, (collectively, "Defendants"), and in support thereof states as follows:

## INTRODUCTION

This action arises from the fatal shooting of Latoya James that occurred on May 4, 2021, at 12103 Highway 17 Highway N, Woodbine, Camden County, Georgia, 31569 (the "Residence") while she was visiting her cousin.  Defendants were on duty as deputies for the Camden County Georgia Sheriff's Department, under the direction of Defendant Jim Proctor, when they executed an alleged warrant and forcibly entered the Residence at or around 5:10 a.m., opened fire, and fatally wounded Latoya, who was unarmed.  Latoya was pronounced dead at the scene.

It is well settled law that "[a] knock and announcement must be loud enough to be heard, and it must be followed by a pause long enough for someone to answer or come to the door."  *United States v. Leichtnam*, 948 F.2d 370, 374 (7th Cir. 1991).  The United States Supreme Court has recognized that "[t]he interests

2

protected by the knock-and-announce requirement … do not include the shielding of potential evidence from the government's eyes.  One of those interests is the protection of human life and limb, because an unannounced entry may provoke violence in supposed self-defense by the surprised resident." *Hudson v. Michigan*, 547 U.S. 586 (2006).

Defendants only gave Latoya James, a black woman and mother, 2.5 seconds to answer or come to the door before they breached the door and killed her.  C.J. is Latoya's biological daughter and sole legal heir.  This action seeks both compensatory and punitive damages against Defendants for the death of Latoya James.

## JURISDICTION, PARTIES, AND VENUE

1.

This is an action brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law, the statutory law, and the Constitution of the State of Georgia against Defendants.

2.

Subject matter jurisdiction is conferred upon the Court by 28 U.S.C. §§ 1331; 1367(a), (b), (c), (d); and 1343, and 28 U.S.C. §§ 2201 and 2202.

Supplemental jurisdiction over state law claims is conferred upon the Court by 28 U.S.C. § 1367(a).

3.

Plaintiff C.J. is the biological daughter of Latoya James and willfully avails herself of the jurisdiction of the Court, by and through her next friend and guardian, Betty Jean Murphy James.

4.

Plaintiff Betty Jean Murphy James is the duly appointed Administrator of the Estate of Latoya James, and she willfully avails herself of the jurisdiction of this Court.

5.

At all times relevant to this Compliant, decedent Latoya James ("Ms. James") was 37 years old and a resident of Camden County.

6.

Upon information and belief, at all times relevant to this Complaint, Defendant Downey Casey ("Defendant Casey," "Deputy Casey") acted under color of the laws, statutes, ordinances, regulations, policies, customs, and usages of the state of Georgia pursuant to his authority as a Deputy Sheriff under the direction of Defendant Jim Proctor.

4

7.

Upon information and belief, at all times relevant to this Complaint, Defendant Michael Blaquiere ("Defendant Blaquiere," "Deputy Blaquiere") acted under color of the laws, statutes, ordinances, regulations, policies, customs, and usages of the state of Georgia pursuant to his authority as a Deputy Sheriff under the direction of Defendant Jim Proctor.

8.

Upon information and belief, at all times relevant to this Complaint, Defendants John/Jane Does 1-10 ("Defendants Does") acted under color of the laws, statutes, ordinances, regulations, policies, customs, and usages of the state of Georgia pursuant to their authority as a Deputy Sheriff under the direction of Defendant Jim Proctor.

9.

Sheriff Jim Proctor, Camden County Sheriff ("Defendant Sheriff Jim Proctor"), at all times relevant to this complaint, acted under color of the laws, statutes, ordinances, regulations, policies, customs, and usages of the state of Georgia pursuant to his authority as the Sheriff of Camden County, Georgia.

10.

Venue is proper in the Brunswick Division, as the Defendants are all residents of Camden County, Georgia, and a substantial part of the events or omissions

complained of occurred within Camden County, Georgia. This action also arises pursuant to and involves questions requiring the interpretation of the United States Constitution, and/or the laws and treaties of the United States. Jurisdiction and venue are therefore proper before this Court pursuant to 28 U.S.C. § 1331, § 1367, and § 1391.

## BACKGROUND FACTS

11.

Upon information and belief, on the morning of Tuesday, May 4, 2021, Latoya James was visiting a family member at a residence located at 12103 Highway 17 Highway N, Woodbine, Camden County, Georgia (the "Residence"). At approximately 5:10 a.m., several Camden County deputies, including Defendants Casey and Blaquiere, arrived at the Residence to execute a search warrant.

12.

Latoya James was not the subject of the search warrant nor was she named in the search warrant.

13.

The deputies approached the Residence under the dark of night, without employing sirens or police lights.

14.

As the deputies approached the Residence, the motion-activated exterior lights turned on, and one deputy stated, "They know we're here."

15.

The deputies made no attempt to determine whether anyone within the Residence posed a threat to officers, or whether anyone was attempting to destroy evidence.

16.

Once at the front door, the deputies assembled with weapons drawn and shields deployed, before knocking on the door and yelling, "Sheriff's Office. Search warrant. Come to the door."

17.

After waiting approximately 2.5 seconds, multiple deputies stated, "Hit it" and forcefully breached the door of the Residence.

18.

Defendants Casey and Blaquiere and Defendants Does, collectively breached the door of the Residence.

19.

Other Defendants Does failed to intervene to stop Defendants Casey and Blaquiere from violating Ms. James' constitutional right from an unreasonable

forcible entry. As law enforcement officers, Defendants Does had an affirmative duty to protect Ms. James from constitutional violations by fellow officers. Defendants Does, knew that Ms. James' rights were being violated, and they had an opportunity to intervene, and they chose not to do so.

20.

Immediately upon entering the Residence, Defendants Casey and Blaquiere encountered an unarmed Latoya James and her cousin, Varshan Brown. Gunfire was exchanged between Defendants Casey and Blaquiere and Varshan Brown.

21.

Defendants Casey and Blaquiere discharged their weapons killing Ms. James and injuring Varshan Brown inside the Residence.

22.

Pursuant to her death certificate, Latoya James was struck in the back and shoulder by the gunfire from Defendants Casey and Blaquiere resulting in her death, and her death was ruled a homicide.

23.

The shooting death of Latoya James is a proximate result of the deliberately indifferent hiring, training, supervision policies, and customs of the Defendant Sheriff Jim Proctor. Specifically, Defendant Sheriff Jim Proctor, failed to train his deputies and failed to supervise his deputies on how to conduct or execute proper

8

knock and announcement warrants. Such failure is the driven force behind Ms. James' death.

24.

On or about June 2, 2021, Plaintiffs gave ante litem notice to the state of Georgia, Camden County, and the Camden County Sheriff's Office via certified mail, return receipt requested pursuant to O.C.G.A. § 50-21-26 (the "Ante Litem Notices"). True and correct copies of the Ante Litem Notices are attached hereto as "**Exhibit A**".

25.

The Ante Litem Notices were received on or about July 10, 2021, or July 13, 2021, as the case may be. True and correct copies of the return receipts are attached hereto as "**Exhibit B**".

26.

As a direct and proximate result of the Defendants' wrongful conduct, Latoya James was killed.

27.

Defendants are liable for the damages and injuries sustained by Latoya James, as Defendants' individual and collective actions and omissions actually and proximately caused her death. Plaintiffs are entitled to damages pursuant to the laws

of the State of Georgia and Constitution of the United States of America, including but not limited to the following:

a.   Compensatory, actual, and consequential damages;

b.   Punitive damages on all of their claims against all Defendants.

c.   Loss of past and future support and services, companionship, society and support and the cost of past medical care;

d.   Loss of future earnings; and

e.   Any and all other and further relief as this Court may deem appropriate including post-judgment interest.

**CLAIMS FOR RELIEF**

**COUNT I**
**VIOLATION OF UNITED STATES CONSTITUTION, AMENDMENT IV, 42 U.S.C. § 1983, FOR UNREASONABLE FORCIBLE ENTRY (DEFENDANTS CASEY, BLAQUIERE, DOES)**

28.

Plaintiffs reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 27 of this Complaint.

29.

42 U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or

10

other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…..

30.

This action is brought against Defendants Casey, Blaquiere, and Does in their individual capacities, pursuant to the Fourth Amendment of the United States Constitution as incorporated through the Fourteenth Amendment, for Defendants' violations of 42 U.S.C. § 1983.

31.

Defendants Casey, Blaquiere, and Does are persons for purposes of 42 U.S.C. § 1983.

33.

At all times material hereto, Defendants Casey, Blaquiere, and Does were employees and/or agents of Defendant Sheriff Proctor and the Camden County Sheriff's Office and acting within the course and scope of their employment, under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the Camden County Sheriff's Office.

34.

As set forth in this Complaint, on the morning of May 4, 2021, Defendants Casey, Blaquiere, and Does, made an unjustified forcible entry into the Residence.

11

Defendants' decision to make a forcible entry into the Residence was objectively unreasonable in light of the facts and circumstances confronting them.

35.

Upon information and belief, Defendants Casey, Blaquiere, and Does, made no attempt to determine whether anyone within the residence posed a threat to officers, or whether anyone was attempting to destroy evidence. Without adequate information to support the forcible entry of the Residence, Defendants Casey, Blaquiere, and Does nevertheless broke in the door of the residence within 2.5 seconds of knocking and announcing.

36.

Other Defendants Does failed to intervene or stop Defendants Casey and Blaquiere from violating Ms. James' constitutional right from an unreasonable forcible entry. As law enforcement officers, Defendants Does had an affirmative duty to protect Ms. James from constitutional violations by fellow officers. Defendants Does, knew that Ms. James' rights were being violated, and they had an opportunity to intervene, and they chose not to do so.

37.

Upon information and belief, Defendants Casey, Blaquiere, and Does did not adequately make their presence known and Latoya James was unaware that officers had assembled outside or, if Latoya James was aware of their presence, Defendants

12

Casey, Blaquiere, and Does did not provide an adequate opportunity for her to comply with their demands before breaking the door down and employing deadly force against Latoya James.

38.

By the time of this incident, the laws prohibiting Defendants' unconstitutional forcible entry were clearly established under the Fourth Amendment of the United States Constitution.

39.

Defendants Casey, Blaquiere, and Does knew or should have known, and every reasonable officer in their position would have concluded, that the forcible entry of the Residence was excessive, unjustifiable, and unlawful.

40.

Defendants Casey, Blaquiere, and Does, had knowledge that the manner of their forcible entry into the Residence violated clearly established law.

41.

As a direct and proximate result of Defendants' acts, omissions, and clearly unreasonable forcible entry, Defendants deprived Latoya James of the rights guaranteed to her by the Fourth Amendment of the United States Constitution, in particular, depriving her of the right to be free of unreasonable search and seizure

within her current dwelling, and the right to be free from an unreasonable forcible entry that resulted in the loss of her life.

42.

Plaintiffs are entitled to damages pursuant to the laws of the United States of America and the Constitution of the United States of America, including but not limited to the following:

a. Compensatory, actual, and consequential damages;

b. Punitive damages on all of their claims against all Defendants.

c. Costs of this action;

d. Reasonable attorneys' fees and costs to Plaintiffs on Federal 1983 Counts pursuant to 42 U.S.C. § 1988;

e. Loss of past and future support and services, companionship, society, and support, and the cost of past medical care;

f. Loss of future earnings; and

g. Any and all other and further relief as this Court may deem appropriate including pre and post judgment interest.

## COUNT II
## VIOLATION OF UNITED STATES CONSTITUTION, AMENDMENT IV, 42 U.S.C. § 1983, FOR THE USE OF EXCESSIVE FORCE
## (DEFENDANTS CASEY AND BLAQUIERE)

43.

Plaintiffs reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 27 of this Complaint.

44.

This action is brought against Defendants Casey and Blaquiere, in their individual capacities, pursuant to the Fourth Amendment of the United States Constitution as incorporated through the Fourteenth Amendment, for Defendants' violations of 42 U.S.C. § 1983.

45.

At all times material hereto, Defendants Casey and Blaquiere were employees and/or agents of Defendant Sheriff Proctor and the Camden County Sheriff's Office and acting within the course and scope of their employment, under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the Camden County Sheriff's Office.

46.

Defendants Casey, Blaquiere, and Does knew or should have known, and every reasonable officer in their position would have concluded, that the forcible entry of the Residence was excessive, unjustifiable, and unlawful.

15

47.

As set forth in this Complaint, on the morning of May 4, 2021, Defendants Casey and Blaquiere used unnecessary, excessive, and deadly force on Latoya James, an unarmed woman. The amount of force used by Defendants Casey and Blaquiere was objectively unreasonable in light of the facts and circumstances confronting them.

48.

By the time of this incident, the laws prohibiting Defendants' unconstitutional use(s) of force were clearly established.

49.

Defendants Casey and Blaquiere knew or should have known, and every reasonable officer in their position would have concluded, that the force used against Latoya James was excessive, unjustifiable, and unlawful.

50.

Defendants Casey and Blaquiere had actual knowledge that their use of force against Latoya James was in violation of the Fourth Amendment.

51.

At the time of this incident, which was 5:10 a.m., Latoya James was an unarmed black woman staying with a family member. Without adequate

information to support the use of deadly force, Defendants Casey and Blaquiere nevertheless shot Latoya James upon entering the Residence.

52.

Upon information and belief, Defendants Casey and Blaquiere did not attempt to determine whether Latoya James was armed or whether she posed any danger to them before firing upon her.

53.

As a direct and proximate result of Defendants' acts, omissions, and clear use(s) of excessive force, Defendants deprived Latoya James of the rights guaranteed to her by the Fourth Amendment of the United States Constitution, in particular, depriving her of the right to be free of excessive force and of bodily integrity.

54.

Plaintiffs are entitled to damages pursuant to the laws of the United States of America and the Constitution of the United States of America, including but not limited to the following:

a.   Compensatory, actual, and consequential damages;

b.   Punitive damages on all of their claims against all Defendants.

c.   Costs of this action;

d.   Reasonable attorneys' fees and costs to Plaintiffs on Federal 1983 Counts pursuant to 42 U.S.C. § 1988;

17

e.   Loss of past and future support and services, companionship, society,

and support, and the cost of past medical care:

f.   Loss of future earnings; and

g.   Any and all other and further relief as this Court may deem appropriate

including pre and post judgment interest.

## COUNT III
## 42 U.S.C. § 1983 – (42 U.S.C. § 1983 Deliberate Indifference)
## (Defendant Sheriff Jim Proctor)

55.

Plaintiffs reallege and incorporate herein by reference each and every

allegation contained in paragraphs 1 through 27 of this Complaint.

56.

42 U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…..

57.

Defendant Jim Proctor is a person for purposes of 42 U.S.C. § 1983.

18

58.

Defendant Sheriff Jim Proctor, at all times relevant hereto, was acting under the color of state law in his capacity as Sheriff for Camden County, and his acts or omissions were conducted within the scope of his official duties or employment.

59.

The unconstitutional actions and/or omissions of all individual Defendants, were pursuant to the following customs, policies, practices, and/or procedures of Camden County Sheriff's Office, which were directed, encouraged, allowed, and/or ratified by policy permitting Defendant Sheriff Jim Proctor:

    a.    To use or tolerate the use of excessive and/or unjustified force;

    b.    To fail to train his deputies and supervise his deputies on how to conduct or execute proper knock and announcement warrants.

    c.    To create unnecessary danger and risk of serious harm or death, withdeliberate indifference, to an unarmed non threaten person;

    d.    To cover-up violations of constitutional rights by failing to properly investigate and/or evaluate officer involved shootings and by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful activity by their deputies;

    e.    To allow, tolerate, and/or encourage a "code of silence" among their

deputies, whereby a deputy does not provide adverse information against a fellow deputy;

f.  To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of law enforcement officer misconduct; and

g.  In such other: ways as may be learned during discove1y in this case.

60.

Defendant Jim Proctor failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline deputies of the Camden County Sheriff's Office with deliberate indifference to Latoya James' constitutional rights, which were thereby violated as described above.

61.

The aforementioned customs, policies, practices, and procedures, the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline, as well as the unconstitutional orders, approvals, ratification and toleration of wrongful conduct by Defendant Jim Proctor, were a moving force and/or a proximate cause of the deprivations of Latoya James' clearly established and well-settled constitutional rights in violation of 42 U.S.C. §1983, as more fully set forth above.

62.

Defendant Jim Proctor subjected Latoya James to their wrongful conduct, depriving Latoya James of the rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Latoya James and other members of the general public would be violated by their acts and/or omissions.

63.

As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices and procedures of Defendant Jim Proctor, Plaintiffs are entitled to damages, penalties, costs and attorney fees as set forth, above, including punitive damages against Defendant Jim Proctor.

**WHEREFORE**, Plaintiffs pray for the following relief:

a.   Compensatory, actual, and consequential damages;

b.   Punitive damages on all of their claims against all Defendants.

c.   Costs of this action;

d.   Reasonable attorneys' fees and costs to Plaintiffs on Federal 1983 Counts pursuant to 42 U.S.C. § 1988;

e.   Loss of past and future support and services, companionship, society, and support, and the cost of past medical care:

f.       Loss of future earnings; and

g.       Any and all other and further relief as this Court may deem appropriate

including pre and post judgment interest.

## COUNT IV
## WRONGFUL DEATH
## (All Defendants)

64.

Plaintiffs reallege and incorporate herein by reference each and every

allegation contained in paragraphs 1 through 27 of this Complaint.

65.

Plaintiffs bring this action pursuant to O.C.G.A. § 51-4-1, et seq. on behalf of

the statutory heirs of Latoya James, for the wrongful death of Ms. James, who died

on May 4, 2021. Latoya James was not married at the time of her death and is

survived only by her minor child C.J., who is her sole heir.

66.

As Latoya James's sole surviving minor child, C.J., by and through next

friend and guardian, Betty Jean Murphy James, is entitled to bring this suit against

Defendants for the wrongful death of Latoya James under O.C.G.A. §§ 9-11-17 &

51-4-2(a).

22

67.

Pursuant to her death certificate, Latoya James's cause of death was "gunshot wound to back and shoulder" and the death was determined to be a homicide.

68.

The death of Latoya James was caused directly and proximately by Defendants' grossly negligent, willful and wanton conduct, set forth more fully herein.

69.

As a direct and proximate result of Defendants' conduct, the beneficiaries of Latoya James have been damaged, and suffered the loss of her services, support, income, society, companionship, love, and/or affection.

70.

Pursuant to O.C.G.A. §§ 51-4-1(1) & 51-4-2(a), Plaintiffs are entitled to recover damages from the Defendants equal to the full value of the life of Latoya James, without deduction for any necessary or personal expenses had she lived.

**COUNT V**
**ESTATE CLAIM**
**(All Defendants)**

71.

Plaintiffs reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 27 of this Complaint.

72.

Plaintiff Betty Jean Murphy James, as Administrator of the Estate of Latoya James, demands all damages recoverable under O.C.G.A. § 51-4-5(b), including funeral and medical expenses and conscious pain and suffering, as well as any other damages recoverable under the Act.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court award the following damages, jointly and severally against Defendants, as provided by Georgia law and the United States Constitution, including but not limited to the following:

a. Compensatory, actual, and consequential damages to Plaintiffs in the amount of $25,000,000.00;

b. Costs of this action and attorneys' fees to Plaintiffs for the civil rights causes of action only;

c. Loss of past and future support and services with interest;

d. Loss of earnings and/or earning capacity;

e. Punitive damages for the civil rights causes of action only;

f. Loss to Plaintiffs of familial relationship with Latoya James, love, companionship, comfort, support, society, care, and the mental pain and suffering from the past date of injury through the future, compensation

for medical bills as a result of psychological and physical injury, as a result of the death of Latoya James; and,

g.   Any and all other and further relief as this Court may deem appropriate.

## **TRIAL BY JURY**

WHEREFORE, Plaintiffs hereby demand a trial by jury on all issues so triable.


Respectfully submitted this 21st day of August 2022.

Greene Legal Group LLC.

/s/Reginald A. Greene
Reginald A. Greene, Esq.
Georgia Bar No. 308674
Counsel for Plaintiff
One Georgia Center, Suite 605
600 West Peachtree Street, N.W.
Atlanta, Georgia 30308
(404) 574-4308
(404) 574-4312 Fax
rgreene@greenelegalgroup.com

Strom Law Firm, LLC

/s/Mario A Pacella
Mario A. Pacella
Georgia Bar No. 558519
P.O. Box 1635
Brunswick, Georgia 31521
(912) 264-6465
(912) 264-6470 (fax)
mpacella@stromlaw.com

25

Strom Law Firm, LLC

/s/Bakari T. Sellers
Bakari T. Sellers, Esq.
(Pro hac vice to be filed)
6923 N. Trenholm Road, Suite 200
Columbia, SC 29206
(803) 252-4800
(803) 242-4801
bsellers@stromlaw.com


The Law Offices of Harry M. Daniels, LLC

/s/Harry M. Daniels
Harry M. Daniels, Esq.
(Pro hac vice to be filed)
4751 Best Road Suite 490
Atlanta, GA 30337
Tel. 678.664.8529
Fax. 800.867.5248
daniels@harrymdaniels.com

26