IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| C.J., a minor, by and through her next friend and guardian, BETTY JEAN MURPHY JAMES, | )<br>)<br>)<br>) |
| and | )<br>) |
| BETTY JEAN MURPHY JAMES, as Administrator of the Estate of Latoya James | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) CIVIL ACTION<br>) FILE NO.: 2:22-CV-00078-LGW-BWC |
| v. | )<br>) |
| JIM PROCTOR in his individual capacity, as Camden County Sheriff | )<br>)<br>) |
| and | )<br>) |
| MICHAEL BLAQUIERE, in his individual capacity, as Camden County Deputy Sheriff | )<br>)<br>)<br>) |
| and | )<br>) |
| DOWNY CASEY, in his individual capacity, as a Camden County Deputy Sheriff | )<br>)<br>)<br>) |
| and | )<br>) |
| JOHN/JANE DOES, in their individual capacities, as Camden County Deputies | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**DEFENDANT SHERIFF JIM PROCTOR'S
MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

COMES NOW defendant Sheriff Jim Proctor, in his individual capacity, ("defendant"), and files this partial motion to dismiss plaintiffs' complaint (Doc. 1) against him and incorporated memorandum of law, pursuant to Rule 12(b) and Local Rule 7.1.[1] In support of this motion to dismiss, Sheriff Proctor shows as follows:

### I. INTRODUCTION AND STATEMENT OF FACTS

Plaintiffs allege Latoya James was visiting Varshawn Brown's home in Woodbine, Georgia at the same time Camden County Sheriff's deputies were executing a search warrant on the home at roughly 5 AM the morning of May 4, 2021.  (Doc. 1, p. 11.) Upon entering the home, the deputies, including Blaquiere and Casey, exchanged gunfire with Brown. (Id. at ¶ 20.) This exchange led to the death of James.  (Id. at ¶ 21.) Plaintiffs have now brought §1983 claims for unreasonable forcible entry and excessive use of force against Balquiere and Casey (Count I; Count II), § 1983 claims against Sheriff Proctor for deliberate indifference (Count III), and wrongful death and estate claims against all defendants. (Counts IV-V.) As shown below, plaintiffs have failed to state a claim against Sheriff Proctor and all of plaintiff's claims against him are due to be dismissed.

### II. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is intended to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl.

---

[1] Sheriff Proctor moves to dismiss all of the following claims: The § 1983 Deliberate Indifference claim against Sheriff Proctor in his individual capacity (Count II); the state law Wrongful Death claim against Sheriff Proctor (Count IV); and the state law Estate Claim against Sheriff Proctor (Count V). Defendants will address the remaining claims against defendants Blaquiere and Casey at a later juncture in this matter.

Corp. v. Twombly, 550 U.S. 544, 555 (2007). When the sufficiency of a complaint is challenged on a Rule 12(b)(6) motion to dismiss, the court considers whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

Rule 8(a)(2) demands more "than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A complaint does not suffice if it tenders "naked assertions" devoid of further factual enhancement, or if it offers labels and conclusions or a formulaic recitation of the elements of a cause of action. Id. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.; see also Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003) ("[C]onclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal.").

### III.   ARGUMENT AND CITATION TO AUTHORITY

**A.   Plaintiffs Fail to State a Claim for Failure to Train, Discipline, and Supervise Against Sheriff Proctor.**

Plaintiffs have asserted a claim for "failure to train, discipline, and supervise" against Sheriff Proctor in his individual capacity. (Doc. 1, ¶¶ 55-63, Count III.) This claim against Sheriff Proctor is due to be dismissed.

To establish a § 1983 claim against an individual defendant, a plaintiff must establish an affirmative causal connection between the action taken by a *particular person* "under color of state law" and a constitutional deprivation. Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir. 1982). Here, plaintiffs do not allege that Sheriff Proctor personally committed an overt act which caused plaintiffs' decedent to suffer a violation of her constitutional rights. Rather, plaintiffs allege that Sheriff Proctor should be held liable under § 1983 for his allegedly allowing a pattern

of unconstitutional customs, policies, practices, and procedures. (Doc. 1, ¶ 61.) In support of this allegation, plaintiffs allege Sheriff Proctor directed, encouraged, allowed, and/or ratified by policy permitting the following:

> To use or tolerate the use of excessive and/or unjustified force; To fail to train his deputies and supervise his deputies on how to conduct or execute proper knock and announcement warrants, to create unnecessary danger and risk of serious harm or death, with deliberate indifference, to an unarmed non threatening person; To cover-up violations of constitutional rights by failing to properly investigate and/or evaluate officer involved shootings and by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful activity by their deputies; To allow, tolerate, and/or encourage a "code of silence" among their deputies, whereby a deputy does not provide adverse information against a fellow deputy; To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of law enforcement officer misconduct; and In such other ways as may be learned during [discovery] in this case.

(Doc. 1, ¶ 59(a)-(g).) (cleaned up). Despite the complete lack of allegations in the complaint suggesting Sheriff Proctor had any involvement at all in James' death, Sheriff Proctor cannot be liable under § 1983 solely by virtue of his supervisory position. Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999). "The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous." Mann v. Taser Intern., Inc., 588 F.3d 1291, 1308 (11th Cir. 2009). "Supervisors can be held personally liable when either (1) the supervisor personally participates in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor and the alleged constitutional violation." Id.

While plaintiffs' complaint superficially alleges a causal connection between Sheriff Proctor's actions and plaintiff's purported constitutional injury, the conclusory allegations that some unspecified policy or omission caused each and every harm James suffered is plainly insufficient to state a claim under the Twombly/Iqbal pleading standards. A causal connection can be established (1) "when a history of widespread abuse puts the responsible supervisor on

notice of the need to correct the alleged deprivation, and he fails to do so," (2) "when a supervisor's custom or policy results in deliberate indifference to constitutional rights," or (3) "when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiffs have alleged no facts which could support liability under this standard. Plaintiffs do not allege a history of *widespread* abuse that would put Sheriff Proctor on notice that he needed to train his deputies. While plaintiffs make reference to some unspecified prior officer involved shootings and a "code of silence," they otherwise do not allege what happened with James or whether Sheriff Proctor knew about this prior incident. In any event, one prior constitutional violation, even if true, is legally insufficient to state a claim for supervisory liability under § 1983. As the Eleventh Circuit has held in affirming the dismissal of supervisory claims against a sheriff, "to prove that a policy or its absence caused a constitutional harm, a plaintiff must point to multiple incidents, or multiple reports of prior misconduct by a particular employee. A single incident of a constitutional violation is insufficient to prove a policy or custom even when the incident involves several [subordinates]." Piazza v. Jefferson Cty., 923 F.3d 947, 957 (11th Cir. 2019).

While plaintiffs allege Sheriff Proctor is responsible for a litany of other unconstitutional policies and conduct on behalf of his deputies, (Doc. 1, ¶¶ 59-61), these are nothing more than conclusory statements the Court is free to disregard at the motion to dismiss stage. Without showing *how* Sheriff Proctor knew that his officers needed training, plaintiffs' failure to train argument "is especially tenuous." Keith v. DeKalb Cnty., Ga., 749 F.3d 1034, 1053-54 (11th Cir. 2014). Indeed, plaintiffs cite to no **prior** incidents in the complaint that resulted in a finding that

anyone's constitutional rights were previously violated by conduct similar to that of the deputies alleged in the complaint. Nor have plaintiffs alleged sufficient facts to establish that Sheriff Proctor was on notice of any prior constitutional violations and a need to take corrective measures but chose not to. This is fatal to plaintiffs' claim. Watkins v. Willson, 824 F. App'x 938, 941 (11th Cir. 2020) ("a plaintiff ordinarily must show a pattern of similar constitutional violations by untrained employees because [w]ithout notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights.").

To state a claim, plaintiffs must allege that Sheriff Proctor knew that a need to train or supervise his employees existed but made a deliberate choice not to take any action. Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998). Plaintiffs must also allege a pattern of constitutional violations that placed Sheriff Proctor on notice of the need for corrective measures. Young v. City of Augusta, 59 F.3d 1160, 1172 (11th Cir. 1995). Deliberate indifference exists when policymakers are on "actual or constructive notice" that a particular omission in their training program causes city employees to violate citizens' constitutional rights. Connick v. Thompson, 563 U.S. 51, 61 (2011). Actual notice, in turn, occurs when "the [defendant] is aware that a pattern of constitutional violations exists, and nevertheless fails to provide adequate training," while constructive notice can be demonstrated "without evidence of prior incidents, if the likelihood for constitutional violation is so high that the need for training would be obvious." Lewis v. City of W. Palm Beach, Fla., 561 F.3d 1288, 1293 (11th Cir. 2009).

Here, plaintiffs' complaint fails to make any such factual allegations. Plaintiffs' failure to train contentions fail to establish that Sheriff Proctor was deliberately indifferent to the federally protected rights of persons with whom any of his employees came in contact. Significantly,

plaintiffs make no material connection between their allegations of the training and supervision that Blaquiere and Casey received on the one hand, and the actions taken by them as to James, on the other. Plaintiffs have not alleged that Sheriff Proctor was on actual notice of the need to train any deputies in the proper course of action to be taken during the execution of a search warrant, nor have plaintiffs provided any factual basis to conclude that constructive notice existed because the "likelihood for constitutional violation [was] so high that the need for training [was] obvious." Lewis, 561 F.3d at 1293. Although plaintiffs allege facts with respect to James' isolated incident with Blaquiere and Casey, plaintiffs fail to allege facts to show that the subject incident was a "highly predictable consequence" of any policies, customs, or deficiencies in training or supervision. McDowell v. Brown, 392 F.3d 1283, 1292 (11th Cir. 2004); Young, 59 F.3d at 1172 ("Because deliberate indifference requires proof of a deliberate choice from among alternatives, policymakers must have had 'actual or constructive notice that the particular omission is substantially certain to result in the violation of the constitutional rights of its citizens.").

Accordingly, plaintiffs' § 1983 claim for deliberate indifference against Sheriff Proctor is due to be dismissed.

B.      **Sheriff Proctor is Entitled to Official Immunity on Plaintiffs' State-Law Claims**

Sheriff Proctor, in his individual capacity is entitled to official immunity against plaintiffs' wrongful death (Count IV) and estate claims (Count V) brought under Georgia law. In Georgia, "The doctrine of official immunity . . . offers public officers and employees limited protection from suit in their personal capacity." Cameron v. Lang, 274 Ga. 122, 123, 549 S.E.2d 341, 344 (2001). Whether a government official is entitled to official immunity is a question of law for the court to decide. Todd v. Brooks, 292 Ga. App. 329, 330, 665 S.E.2d 11, 12 (2008).

Official immunity is not a mere defense, but rather an entitlement not to be sued that must be addressed as a threshold matter before a lawsuit may proceed. Cosby v. Lewis, 308 Ga. App. 668, 672, 708 S.E.2d 585, 588 (2011). When immunity applies, a complaint must be dismissed for lack of subject matter jurisdiction. Bd. of Regents of Univ. Sys. of Ga. v. Frost, 233 Ga. App. 692, 694, 505 S.E.2d 236, 239 (1998).

Under this doctrine, "a public officer or employee may be personally liable only for ministerial acts negligently performed or acts performed with malice or an intent to injure." Golden v. Vickery, 285 Ga. App. 216, 217, 645 S.E.2d 695, 696 (2007).

> A ministerial act is commonly one that is simple, absolute, and definite, arising under conditions admitted or proved to exist, and requiring merely the execution of a specific duty. A discretionary act calls for the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed.

Smith v. Bulloch Cnty. Bd. of Comm'rs, 261 Ga. App. 667, 669, 583 S.E.2d 475, 477 (2003).

Here, Sheriff Proctor's supervisory functions are inherently discretionary in nature. "Employment decisions, including the retention, hiring and supervision of employees, necessarily require consideration of numerous factors and the exercise of deliberation and judgment. They are therefore precisely the types of administrative action the discretionary function exception seeks to shield from judicial second-guessing." Doss v. City of Savannah, 290 Ga. App. 670, 675, 660 S.E.2d 457, 462 (2008). Georgia courts have consistently held that supervision is a discretionary function even when specific policies were allegedly violated. See, e.g., Carter v. Glenn, 249 Ga. App. 414, 416, 548 S.E.2d 110, 113 (2001).

Because Sheriff Proctor's supervisory functions were discretionary and plaintiffs allege no facts to support an inference that he acted with actual malice, the doctrine of official immunity applies. "[I]n the context of official immunity, actual malice requires a deliberate

intention to do wrong and denotes express malice or malice in fact." Selvy v. Morrison, 292 Ga. App. 702, 704, 665 S.E.2d 401, 404-05 (2008). "Actual malice does not include implied malice, or the reckless disregard for the rights and safety of others." Id. at 704, 665 S.E.2d at 405. "A deliberate intention to do wrong such as to constitute the actual malice necessary to overcome official immunity must be the intent to cause the harm suffered by the plaintiff[ ]." Id. Bare allegations and conclusions are insufficient to establish such intent; indeed, Georgia courts have emphasized that simply sprinkling the complaint with allegations of "malice" and the like does not suffice to strip an official of his official immunity, without some specific factual support for such allegations. See Davis v. Dublin City Bd. of Ed., 219 Ga. App. 121, 122, 464 S.E.2d 251, 252 (1995); Truelove v. Wilson, 159 Ga. App. 906, 908, 285 S.E.2d 556, 558 (1985).

The only "facts" plaintiffs allege as Sheriff Proctor's conduct are conclusory statements that he failed to supervise or train his subordinates. Plaintiffs have failed to state any state-law claims against Sheriff Proctor and he is plainly entitled to official immunity. These claims must therefore be dismissed.

C.     **Punitive Damages and Attorney's Fees Claims Subject to Dismissal**

Plaintiffs have requested an award of punitive damages and attorney's fees against Sheriff Proctor. Should the underlying claims against Sheriff Proctor be dismissed, however, plaintiffs' claims for punitive damages and attorney's fees with respect to these claims would also be subject to dismissal as well. See OFS Fitel, LLC v. Epstein, Becker & Green, P.C., 549 F.3d 1344, 1357 (11th Cir. 2008) (finding that plaintiffs' claims for punitive damages and attorney's fees cannot survive without an underlying claim against defendants).

Additionally, there are no factual allegations of "malice" or "reckless indifference" to plaintiffs' decedent's federally protected rights that would justify an award of punitive damages

against Sheriff Proctor under federal law. See Kolstad v. Am. Dental Ass'n, 527 U.S. 526, 535 (1999) (stating that "malice or . . . reckless indifference to the [plaintiff's] federally protected rights" justifies an award of punitive damages under Section 1983); Reynolds v. CSX Transportation, Inc., 115 F.3d 860, 869 (11th Cir. 1997). Therefore, plaintiffs' claims for punitive damages and attorney's fees should be dismissed.

### IV.   CONCLUSION

For the foregoing reasons, defendant respectfully requests that this Court grant his motion to dismiss all of plaintiffs' claims against him.

Respectfully submitted this 29th day of November, 2022.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Sun S. Choy*
Sun S. Choy
Georgia Bar No. 025148
schoy@fmglaw.com
Wesley C. Jackson
Georgia Bar No. 336891
wjackson@fmglaw.com
Steven L. Grunberg
Georgia Bar No. 146397
sgrunberg@fmglaw.com

*Attorneys for defendants*

100 Galleria Parkway
Suite 1600
Atlanta, GA  30339-5948
(770) 818-0000 (Telephone)
(770) 937-9960 (Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically submitted the foregoing **DEFENDANT SHERIFF JIM PROCTOR'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants. Counsel of record are:

Reginald A. Greene
Georgia Bar No. 308674
Greene Legal Group, LLC
One Georgia Center, Suite 605
600 West Peachtree Street, N.W.
Atlanta, GA 30308
(404) 574-4308
Fax: (912) 574-4312
regreene@greenelegalgroup.com

Mario A. Pacella
Georgia Bar No. 558519
Bakari T. Sellers
(Pro hac vice to be filed)
Strom Law Firm, LLC
P.O. Box 1635
Brunswick, Georgia 31521
(912) 264-6465
Fax: (912) 264-6470
6923 N. Trenholm Road, Suite 200
Columbia, SC 29206
(803) 252-4800
Fax: (803) 242-4801
mpacella@stromlaw.com
bsellers@stromlaw.com

Harry M. Daniels
(Pro hac vice to be filed)
4751 Best Road Suite 490
Atlanta, GA 30337
Tel. 678.664.8529
Fax. 800.867.5248
daniels@harrymdaniels.com

This 29th day of November, 2022.

/s/ *Sun S. Choy*
Sun S. Choy
Georgia Bar No. 025148
schoy@fmglaw.com

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
 Suite 1600
Atlanta, Georgia 30339-5948
T:  (770) 818-0000
F:  (770) 937-9960