IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| C.J., a minor, by and<br>Next friend and guardian<br>BETTY JEAN MURPHY JAMES<br>And BETTER JEAN MURPHY<br>JAMES as Administrator of<br>The Estate of Latoya James,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL BLAQUIERE, in his<br>Individual capacity as<br>Camden County Deputy<br>Sheriff, DOWNY CASEY, in<br>in his individual capacity,<br>as Camden County Deputy<br>Sheriff; and JANE/JOHN DOES,<br>in their individual<br>capacities, as Camden County:<br>Deputies.<br><br>Defendant. | CIVIL ACTION FILE<br>NO. 2:22-CV-00078-LGW-BWC |

<u>Plaintiff's Daubert Motion to Preclude Testimony of John Ryan</u>

COMES NOW, Plaintiff, Betty Jean Murphy James, and respectfully moves this Court to preclude or limit the testimony of the Defendants' experts, John Ryan (hereinafter "Mr. Ryan"), under <u>Daubert v. Merrell Dow Pharmaceuticals, Inc</u>., 526 U.S. 579 (1993) and <u>Kumho Tire Co. v. Carmichael</u>, 526 U.S. at 152 (1999); and

1

rules 702 of the Federal Rules of Evidence. Defendant respectfully requests a Daubert hearing to determine the admissibility of Mr. Ryan's testimony.

## Summary of the Argument

The Defendant bears the burden of establishing the reliability of Mr. Ryan's testimony. At present, the Defendants has not met that burden because Mr. Ryan's report and deposition testimony clearly establishes that: 1). his testimony will not assist the trier of fact to understand evidence or determine a fact in issue. FED. R. EVID. 702; FED.R. EVID. 104(a); see also Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 588 (1993). This Court's "gatekeeping" responsibility under Daubert cannot be overstated. Frazier, 387 F.3d at 1260. Finally, Mr. Ryan's deposition testimony and expert report grossly conflicts with well-established Georgia Supreme Court case law and statutory law as it relates to forceful entries when executing a search warrant in the state of Georgia. Mr. Ryan's testimony value is substantially outweighed by the tendency to confuse the jury and its potential for undue prejudice. For these reasons, this Court should preclude Mr. Ryan's testimony under Rules 401, 402, 403, and 702 of the Federal Rules of Evidence.

## Arguments and Authorities

Under Rule 702 of the Federal Rules of Evidence, "expert testimony must be both reliable and relevant." Umana-Fowler v. NCL (Bah.) Ltd., 49 F. Supp. 3d 1120, 1121 (S.D. Fla. 2014) (citing United States v. Frazier, 387 F.3d 1244, 1260 (11th

Cir. 2004)). The party offering the evidence has the burden to show that: 1) the expert is qualified due to having knowledge, skill, experience, training or education in the field of said testimony; 2) such testimony will assist the trier of fact to understand evidence or determine a fact in issue; 3) the testimony is based on sufficient facts or data; 4) the testimony is the product of reliable principles and methods; and, 5) the witness reliably applies the principles and methods to the facts of the case. FED. R. EVID. 702; FED.R. EVID. 104(a); see also Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 588 (1993). This Court's "gatekeeping" responsibility under Daubert cannot be overstated. Frazier, 387 F.3d at 1260. As the Supreme Court framed it in Kumho Tire, "[T]he objective of that requirement is to ensure the reliability and relevancy of expert testimony. It is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." Kumho Tire Co. v. Carmichael, 526 U.S. at 152 (1999). The question of whether an expert's testimony is reliable depends on the facts and circumstances of the particular case. Id. at 158. The party offering the expert testimony bears the burden of establishing reliability and helpfulness. Frazier, 387 F.3d at 1260. Expert testimony "can be both powerful and quite misleading because of the difficulty in evaluating it." Daubert, 509 U.S. at 595 (quoting Jack B. Weinstein, Rule 702 of the Federal Rules of Evidence is Sound; It Should Not Be

Amended, 138 F.R.D. 631, 632 (1991)). "Indeed, no other kind of witness is free to opine about a complicated matter without any firsthand knowledge of the facts in the case, and based upon otherwise inadmissible hearsay if the facts or data are 'of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject.'" Frazier, 387 F.3d at 1260 (citing FED. R. EVID. 703). An expert opinion should be excluded if it's not "helpful" to the jury. An opinion is not helpful to the jury if the average layperson is "capable of understanding an issue without the aid of an expert." United States v. Navedo-Ramirez, 781 F.3d 563, 568 (1st Cir. 2015) (citing United States v. Salimonu, 182 F.3d 63, 74 (1st Cir. 1999)) (affirming district court's exclusion of expert testimony regarding battered woman syndrome and duress in part because threats defendant received were such that that "any person could readily appreciate their impact" unaided by expert testimony). "Because of the powerful and potentially misleading effect of expert evidence, . . . sometimes expert opinions that otherwise meet the admissibility requirements may still be excluded by applying Rule 403." Frazier, 387 F.3d at 1263. "The judge in weighing possible prejudice against probative force under Rule 403 . . . exercises more control over experts than over lay witnesses." Id. (internal quotation omitted); see also United States v. Stevens, 935 F.2d 1380, 1399 (3d Cir. 1991).

I. Mr. Ryan's report and testimony will not assist the trier of fact to understand evidence or determine a fact in issue.

In his report Mr. Ryan attempts to post hoc introduce exigent circumstance that would justify the forcible entry made by the Defendants less than three seconds of knocking and announcing themselves. Mr. Ryan wrote the following in his report:

> Here, based on the BWC video an officer can be clearly heard indicating that the persons in the house know the officers are coming after a motion-sensor camera captured the officers' approach. Additionally, Casey indicated that he heard running inside the house. This is the type a circumstance during the execution of a search warrant coupled with the prior information known to the officers about guns and violence to include an assault on an officer, that would make an unannounced entry consistent with generally accepted policy, practices, training and industry standards in the field of law enforcement. Additionally, law enforcement training recognizes that if a suspect knows the police are there, the reasoning behind the knock and announce is met and thus futile.

(Jack Ryan's Report (hereinafter "Report") pg. 22; ¶ 85.).

Notably, Defendant Casey Downey deposed that the reason why they used force to enter the residence was because the occupants refused to open the door after the Defendant knocked and announced themselves. (See Deposition of Casey Downey pg. 27: ln 15-19.). However, Mr. Ryan's report completely ignores the Defendants' reasoning of why they made a forcible entry into the residence. As stated above, Mr. Ryan's report and deposition testimony attempts to post hoc create exigent circumstances that justify the Defendants' action. Such testimony will not

assist the trier of fact to understand evidence or determine a fact in issue. In fact, it's dangerous and misleading. Instead, it will more than likely confuse the jury at best. If allowed to testify, Mr. Ryan will be attempted to contort the facts just to support his opinion.  Such, testimony should not be allowed to be presented to the jury. Additionally, Mr. Ryan's Report and deposition testimony grossly conflicts with well-established Georgia Supreme Court case law and  statutory law as it relates to forceful entries when executing a search warrant in the state of Georgia.  O.C.G.A. § 17-5-27 states:

> All necessary and reasonable force may be used to effect an entry into any building or property or part thereof to execute a search warrant if, after verbal notice or an attempt in good faith to give verbal notice by the officer directed to execute the same of his authority and purpose: **(1)** He is refused admittance;**(2)** The person or persons within the building or property or part thereof refuse to acknowledge and answer the verbal notice or the presence of the person or persons therein is unknown to the officer; or**(3)** The building or property or part thereof is not then occupied by any person.

O.C.G.A. § 17-5-27.

The above statute clearly states that all necessary and reasonable force may be used to effect an entry into any building or property or part thereof to execute a search warrant if, after verbal notice or an attempt in good faith to give verbal notice by the officer directed to execute the same of his authority and purpose: **(1)** He is refused admittance. Further, the Georgia Supreme Court held,  "The plain text O.C.G.A. § 17-5-27, requires an officer to announce his or her presence (or make a

good faith effort to do so) and wait for some sort of response *before* the officer uses force to effect an entry into a building or part of a building." Hourin v. State, 804 S.E.2d 388, 397 (Ga. 2017).  Notably, when Mr. Ryan was confronted with the facts in this case and the above statutory and case law at is deposition the following was his response:

```
 9  Q.      Yes.  And let me ask you a question.
10          We talked, about the State of Georgia
11  that the law in the State of Georgia says in the
12  statute that had to be some type of refusal.
13          And in fact, what I read to you, it was
14  a Supreme Court case out of the State of Georgia
15  that says that he had to wait for a response.

16  A.      Under the state's statute I agree with
17  you that that's -- again, I didn't read the whole
18  case which means I would have to put it in
19  context.
20          But that's an interpretation of the
21  statute.  That wouldn't be an interpretation of
22  the fourth amendment, and it would not be an
23  interpretation of the generally accepted practice
24  that law enforcement has throughout the country
25  and in Georgia.
```

```
 1  Q.      Are you saying that there's a state law
 2  that gives direction to law enforcement, they
 3  wouldn't have to follow that practice?

 4  A.      Not for purposes of a fourth amendment
 5  claim.  And again, I'm not here to give legal
 6  opinions.
```

(Deposition of Jack Ryan pg. 83:ln 9 - pg.84:ln 6.).

7

Mr. Ryan clearly deposed that law enforcement officers sworn to uphold the law in Georgia would not have to follow Georgia law just to support his opinion in this matter. As stated above, Mr. Ryan testimony dangerous and misleading. Instead, it will more than likely confuse the jury at best. Thus, on those grounds along his testimony and report should not be admitted.

For the reasons set forth above, the Plaintiff seeks a hearing pursuant to Daubert on the admissibility of Jack Ryan's testimonies and prays that this Court preclude or otherwise limit the testimony of Jack Ryan

Respectfully submitted. This 27th day of November 2023.

The Law Offices of Harry M. Daniels, LLC

/s/Harry M. Daniels
Harry M. Daniels, Esq.
(Pro hac vice)
4751 Best Road Suite 490
Atlanta, GA 30337
Tel. 678.664.8529
Fax. 800.867.5248
daniels@harrymdaniels.com

Greene Legal Group LLC.

Reginald A. Greene, Esq.
Georgia Bar No. 308674
One Georgia Center, Suite 605
600 West Peachtree Street, N.W.
Atlanta, Georgia 30308
(404) 574-4308
(404) 574-4312 Fax
rgreene@greenelegalgroup.com

Strom Law Firm, LLC

>Mario A. Pacella
>Georgia Bar No. 558519 P.O. Box 1635
>Brunswick, Georgia 31521
>(912) 264-6465
>(912) 264-6470 (fax)
>mpacella@stromlaw.com

Strom Law Firm, LLC

>Bakari T. Sellers, Esq.
>(Pro hac vice)
>6923 N. Trenholm Road, Suite 200
>Columbia, SC 29206
>(803) 252-4800
>(803) 242-4801
>bsellers@stromlaw.com

<u>CERTIFICATE OF SERVICE</u>

This is to certify that a copy of PLAINTIFF'S DAUBERT MOTION TO PRECLUDE EXPERT TESTIMONY OF JACK RYAN was served upon counsel of record in the foregoing matter electronically.

FREEMAN MATHIS & GARY, LLP
Steven L. Grunberg
sgrunberg@fmglaw.com

Sun S. Choy
schoy@fmglaw.com

Wesley C. Jackson
wjackson@fmglaw.com

Attorneys for Defendants
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (Telephone)
(770) 937-9960 (Facsimile)

This 27th day of November 2023.

THE LAW OFFICE OF HARRY M. DANIELS

By: */s /Harry M. Daniels*
Harry M. Daniels, Esq.
Georgia Bar No. 234158
Attorney for Plaintiff