IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| C.J., a minor, by and through her next friend and guardian, BETTY JEAN MURPHY JAMES,<br><br>and<br><br>BETTY JEAN MURPHY JAMES, as Administrator of the Estate of Latoya James<br><br>    Plaintiffs,<br><br>v.<br><br>JIM PROCTOR in his individual capacity, as Camden County Sheriff<br><br>and<br><br>MICHARL BLAQUIERE, in his individual capacity, as Camden County Deputy Sheriff<br><br>and<br><br>DOWNY CASEY, in his individual capacity, as a Camden County Deputy Sheriff<br><br>and<br><br>JOHN/JANE DOES, in their individual capacities, as Camden County Deputies<br><br>    Defendants. | CIVIL ACTION<br>FILE NO.: 2:22-CV-00078-LGW-BWC |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

1

Before the Court is Defendants' Motion for Summary Judgment. Following oral argument, the Court permitted the parties to file any supplemental response within seven days of the hearing. Plaintiff hereby files this response to clarify the test regarding qualified immunity and to further address Defendants' argument as to exigent circumstances.

### A. Qualified Immunity

At the hearing, the Court pressed Plaintiff's counsel for an Eleventh Circuit case on point regarding the amount of time necessary to wait after a knock and announce absent exigent circumstances. While no case is on point, a circuit court case is only one of three ways to demonstrate clearly established law. One of the more recent Eleventh Circuit cases sets forth the test. In *Edger v. McCabe*, 84 F.4th 1230 (11th Cir. 2023), the Court of Appeals explained the three ways that a Plaintiff may demonstrate that the law is clearly established:

> There are three recognized ways to show that a law is "clearly established." First, a plaintiff may show that a "materially similar case has already been decided," whose facts are similar enough to give the police notice. *See Keating v. City of Miami*, 598 F.3d 753, 766 (11th Cir. 2010). Second, he may show that a "broader, clearly established principle should control the novel facts" of his case. *Id.* This "broader" principle may be derived from "general statements of the law contained within the Constitution, *statute*, or caselaw." *Mercado v. City of Orlando*, 407 F.3d 1152, 1159 (11th Cir. 2005) (alteration adopted) (emphasis added) (quoting *Willingham v. Loughnan*, 321 F.3d 1299, 1301 (11th Cir. 2003)). Finally, a plaintiff may show that the officer's conduct "so obviously violates [the] constitution that prior case law is unnecessary." *Keating*, 598 F.3d at 766 (quoting *Mercado*, 407 F.3d at 1159). While we must be mindful of the "specific context of the case," we "do[ ] not require a case directly on point for a right to be clearly established." *Rivas-Villegas v. Cortesluna*, 595 U.S. 1, 142 S. Ct. 4, 7–8, 211 L.Ed.2d 164 (2021) (per curiam).

*McCabe*, 84 F.4th at 1235 (alteration in original) (emphasis in original related to "statute'.)

In this case, Plaintiff argued, perhaps inartfully, at oral argument but addressed on brief, that the second method under *McCabe* was applicable here. Under this evaluation, even *dicta* in

2

*United States v. Banks* is relevant in establishing the broader principle. Further, O.C.G.A. § 17-5-27 is applicable to the qualified immunity analysis. In *United States v. Banks*, 540 U.S. 31, 39–40, 124 S.Ct. 521, 527, 157 L.Ed.2d 343 (2003), the Supreme Court offered insight into reasonableness of time finding that

> if the officers were to justify their timing here by claiming that Banks's failure to admit them fairly suggested a refusal to let them in, Banks could at least argue that no such suspicion can arise until an occupant has had time to get to the door, a time that will vary with the size of the establishment, perhaps five seconds to open a motel room door, or several minutes to move through a townhouse.

*Id.* The holding in *Banks*, however, permitted 15-20 seconds delay where the officers reasonably believed evidence would be destroyed. *Id*.

Likewise, the state statute requires refused admittance, refusal to acknowledge or answer the verbal notice, or that the property was unoccupied for forced entry. O.C.G.A. § 17-5-27. Further, caselaw from sister circuits cited in Plaintiff's initial brief is instructive as to this broader principle.

The issue here is not how many seconds is necessary to wait to conclude that law enforcement was refused to be admitted. The issue for the jury is whether the Defendants were refused admittance, a purely factual conclusion. The time, in this case 2.5 seconds following the "knock and announce", is a fact for the jury to consider in making the factual conclusion as to whether defendants were refused admittance.

### B. Exigent Circumstances

Defendants presented two facts acquired following the denial of a "no knock warrant" And issuance of a traditional "knock and announce" warrant. First, a red light on or near the porch went on, suggesting that cameras were triggered and making law enforcement believe that the occupants had knowledge that law enforcement was on the premises. Second, that Defendant Casey, and only

3

Defendant Casey, heard feet shuffling. The feet shuffling was not in Defendant Casey's Garrity statement, notwithstanding testimony of Deputy Chaney that all facts suggestive of exigent circumstances were required to be in the report. (Dkt. Doc 50-7, Garrity Statement of Defendant Downy Casey; Dkt. Doc. 50-9, Deposition of Deputy Chaney at 60.) A jury could disregard Defendant Casey's statement because he failed to put that statement in his report as inconsistent.

The Supreme Court has explained that "[i]n order to justify a 'no-knock' entry, the police must have a reasonable suspicion that knocking and announcing their presence, under the particular circumstances, would be dangerous or futile, or that it would inhibit the effective investigation of the crime by, for example, allowing the destruction of evidence." *Richards v. Wisconsin*, 520 U.S. 385, 394, 117 S.Ct. 1416, 1421, 137 L.Ed.2d 615 (1997). Defendants have not argued that there was arguable reasonable suspicion that evidence was being destroyed. Rather, they argue, against their actual testimony, that knocking and announcing their presence would be dangerous. And yet, they knocked and announced their presence, a fact that tends to controvert the argument that knocking and announcing would make it more dangerous. Moreover, a jury can conclude, based on the "knock and announce", waiting 2.5 seconds, and the red light on or near the porch, that circumstances did not result in arguable reasonable suspicion that an unannounced entry would be dangerous, even in light of the knowledge presented to the magistrate that the subject of the warrant had firearms and had previously assaulted law enforcement. Thus, genuine issues of material fact exist as to whether full compliance with the "knock and announce" rule was excused under the exigent circumstances' doctrine. While this is an objective standard, it does not exclude Defendants' testimony that they breached the door because of a refusal to allow entry.

What Defendants seem to be arguing, and asking this Court with hindsight, is to conclude that the Magistrate was wrong to deny a "no knock" warrant. However, that is not the appropriate

decision for this Court in resolving a summary judgment action. Rather, such a determination is potentially the province of a jury in resolving the ultimate question of fact as to whether exigent circumstances existed to justify a "no knock" entry where Defendants actually attempted a "knock and announce" and then waited only 2.5 seconds before using a ram to bust the door open.  The only real additional undisputed fact to consider is the red light on or near the porch and whether the same created exigent circumstances. Thus, factual determination of exigent circumstances remains a jury question.Ultimately, in light of the operations plan failing to indicate that they were to wait for a refusal and Defendants' subjective conclusion that entry was justified based upon a refusal after waiting only 2.5 seconds, a jury could conclude that entry was not based upon arguable reasonable belief in an exigency related to safety. Thus, summary judgment is inappropriate.

For these reasons and the reasons set forth in Plaintiff's Memorandum in Opposition and at oral argument, Defendant's Motion for Summary Judgment should be denied.

RESPECTFULLY SUBMITTED, this the 22nd day of May, 2024.

Strom Law Firm, LLC

/s/Mario A. Pacella
Mario A. Pacella
Georgia Bar No. 558519
P.O. Box 1635
Brunswick, GA 31521
Tel: (912) 264-6465
Fax: (912) 264-6470
mpacella@stromlaw.com

Bakari T. Sellers
(*Pro hac vice*)
Strom Law Firm, LLC
6923 N. Trenholm Rd., Suite 200
Columbia, SC 29206
Tel: (803) 252-4800
Fax: (803) 252-4801
bsellers@stromlaw.com

Reginald A. Greene
Georgia Bar No. 308674
Greene Legal Group
One Georgia Center, Suite 605
600 West Peachtree Street, NW
Atlanta, GA 30308
Tel: (404) 574-4308
Fax: (912) 574-4312
regreene@greenelegalgroup.com

Harry M. Daniels
(*Pro hac vice*)
4751 Best Road, Suite 490
Atlanta, GA 30337
Tel: (678) 664-8529
Fax: (800) 867-5248
daniels@harrydaniels.com

## **CERTIFICATE OF SERVICE**

I, Mario A. Pacella, counsel for Plaintiff, certify that I served all counsel of record via the Court's CM/ECF system on this the 22nd day of May, 2024.

s/Mario A. Pacella
Mario A. Pacella
